UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

NAPOLEON MORALES-DORANTES,

    Defendant-Movant.
_____/

Case No. 1:07-cr-295

HON. JANET T. NEFF

## OPINION

This matter is before the Court on Defendant Napoleon Morales-Dorantes' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 156). The government has filed a Motion to Dismiss (Dkt 160) on the basis that Defendant's motion is time-barred by the one-year limitations period under 28 U.S.C. § 2255(f)(1). Defendant filed a response (Dkt 163) to the government's motion, and, on leave granted, the government filed a reply (Dkt 166). For the following reasons, the Court determines that Defendant's untimely § 2255 motion is properly dismissed.

## I. BACKGROUND

On May 7, 2008, Defendant pled guilty to a Superseding Information charging him with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count 1), and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(*i*) (Count 2) (Minutes, Dkt 70). On October 15, 2008, this

Court sentenced Defendant to a total of 132 months in prison (Minutes, Dkt 95). A Judgment was entered on October 17, 2008 (Dkt 99), and an Amended Judgment on October 24, 2008 (Dkt 102).[1]

More than two years later, on February 3, 2011, Defendant filed a Notice of Appeal (Dkt 140). The Sixth Circuit Court of Appeals issued an order directing Defendant to show cause why his appeal should not be dismissed as untimely. Defendant filed a response, indicating that his attorney's ineffectiveness caused the delayed appeal and that the Sixth Circuit should excuse his noncompliance with the rules and liberally construe his documents. On September 16, 2011, the Sixth Circuit dismissed Defendant's appeal as untimely, pointing out that "the record reflects that Morales-Dorantes first contacted the district court in May, 2010— more than eighteen months after his appeal was due. And even then, he waited nine more months before filing his notice of appeal. These delays cannot be attributed to Morales-Dorantes' attorney" (Dkt 143).

Nearly two years later, on September 13, 2013, Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt 156). The government moved to dismiss the motion as time-barred pursuant to § 2255(f) (Dkt 160). Defendant did not identify in his motion any he reason he failed to timely file his § 2255 motion, but he filed a response to the government's motion to dismiss, arguing that the circumstances of this case warrant equitable tolling of the § 2255 limitations period (Dkt 163). On leave granted, the government filed a reply, opposing any application of equitable tolling (Dkt 166).

The Court has carefully reviewed the motion papers and determined that an evidentiary hearing is unnecessary to the resolution of this motion. For the reasons stated below, the files and records in this case conclusively show that Defendant's time-barred motion entitles him to no relief

---

[1] The Judgment was amended to reflect a special assessment of $200.00.

under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. *See* 28 U.S.C. § 2255(b); RULES GOVERNING § 2255 PROCEEDINGS, Rule 8.

## II. ANALYSIS

Section 2255 provides that, except in circumstances not present or asserted here, the one-year limitations period for filing a § 2255 motion begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). As a general matter, convictions become final upon conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). The government asserts that the limitations period began to run in this case, at the latest, on September 16, 2011, when the Sixth Circuit dismissed Defendant's untimely appeal (Mot., Dkt 160 at 3), and Defendant does not dispute that his September 13, 2013 § 2255 motion was filed beyond the one-year limitations period.

At issue is whether the limitations period is subject to equitable tolling. While § 2255's one-year limitations period is subject to equitable tolling, the equitable tolling doctrine is to be applied "sparingly," *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), and only if two requirements are met, *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). A party seeking equitable tolling bears the burden of demonstrating (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Jefferson v. United States*, 392 F. App'x 427, 433 (6th Cir. 2010). The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Holland v. Florida*, ___ U.S. ___;

130 S. Ct. 2549, 2563 (2010); *Solomon, supra; Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Here, Defendant contends that his motion should not be dismissed because of a "new substantive change in constitutional law," to wit: the June 17, 2013 issuance of the Supreme Court's opinion in *Alleyne v. United States*, ___ U.S. ___; 133 S. Ct. 2151 (2013) (Dkt 163 at 2-12). Defendant opines that in *Alleyne*, "the Supreme Court dropped a big bombshell on State and Federal sentencing regimes by holding that any facts that increases the prescribed range of penalties to which a criminal defendant (Morales) is exposed are elements of a crime" (*id.* at 5). Defendant argues that the decision should be applied retroactively to his case (*id.* at 12).

Defendant's argument lacks merit.

The government responds that pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), *Alleyne* does not apply to cases such as Defendant's at bar, which became final before the decision was announced (Reply, Dkt 166 at 1). The government correctly points out that under *Teague*, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding," *Saffle v. Parks*, 494 U.S. 484, 495 (1990), and *Alleyne*, like *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not announce a "watershed" rule "without which the likelihood of an accurate conviction is seriously diminished," *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (*id.*). *See, e.g., Mingo v. United States*, No. 1:13-cv-787, 2013 WL 4499249, at *2 (W.D. Mich. Aug. 19, 2013) (Quist, J.) ("The holding in *Alleyne* does not qualify as a new 'watershed rule.'").

Further, as also pointed out by the government, even if *Alleyne* had been the law at the time of Defendant's conviction, it would not have changed the outcome because *Alleyne* does not prohibit

4

judicial factfinding within a statutory range (Resp., Dkt 166 at 2-3, citing *Alleyne*, 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.")). *See, e.g., United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) (holding that the district court's factual determination with respect to the additional drug quantities did not violate the defendant's Sixth Amendment rights as articulated in *Alleyne*).

In sum, Defendant has not set forth an extraordinary circumstance that may have prevented him from timely filing his § 2255 motion and has not provided a satisfactory explanation for waiting to file his motion until September 13, 2013. The Court therefore determines that application of equitable tolling would not be appropriate.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must further determine whether to grant a certificate of appealability as to the issues Defendant raises. *See* RULES GOVERNING § 2255 PROCEEDINGS, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Upon review, the Court determines that reasonable jurists would not find it debatable whether Defendant's motion should be dismissed on the ground that it is time-barred by the limitations period in 28 U.S.C. § 2255(f). As such, a certificate of appealability will be denied.

## IV. CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss (Dkt 160) is properly granted, and Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 156) is dismissed with prejudice. An Order of Dismissal consistent with this Opinion will enter. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).


Dated: April 2, 2014             /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                               United States District Judge